

# The Attorney General of Texas

July 13, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable William W. Day
Criminal District Attorney
Calhoun County
211 So. Ann Street
Port Lavaca, Texas 77979

Opinion No. H-1208

Re: Authority of a county hospital to restrict admission of nonresidents.

Dear Mr. Day:

You have requested an opinion regarding the validity of a county hospital regulation restricting admission to those who meet a one year durational residency requirement. You also ask whether the fact that a person needs emergency care would alter the result. Your question is prompted by concern "over the growing losses incurred by the hospital, particularly as a result of the nonpayment for emergency room services rendered to nonresidents of Calhoun County."

The United States Supreme Court held a one year residency requirement for an indigent's admission to a county hospital in Arizona was an unconstitutional impingement on the right of travel. Memorial Hospital v. Maricopa County, 415 U.S. 250 (1974). With regard to nonresidents, the Supreme Court, in dicta, considered regulations barring nonresidents from public hospitals to be valid. The court said:

> A mere residence requirement would accomplish the objective of limiting the use of public medical facilities to bona fide residents of the County without sweeping within its prohibitions those bona fide residents who had moved into the State within the qualifying period.

415 U.S. at 267.

With regard to the indigent nonresident who presents himself for treatment of a condition characterized as an emergency, article 4438a, V.T.C.S., provides:

Section 1. No officer or employee of a general hospital supported with public funds may deny a person diagnosed by a licensed physician on the staff of that hospital as seriously ill or injured emergency services customarily provided at the hospital because the person is unable to establish his ability to pay for the services.

Sec. 2. An officer or employee of a hospital who violates the provisions of Section 1 of this Act is guilty of a Class C misdemeanor and on conviction is subject to a fine not exceeding $200.

Sec. 3. Nothing in this Act shall be construed to relieve a person of his obligation to pay for services provided by a hospital.

The definition of an unmistakable emergency involves a difficult question of fact which has been addressed by treatises on the subject. "While persons who are not within the statutory classes have no right of admission, hospitals owe a duty to exercise reasonable care to those who present themselves for assistance and are in need of immediate attention." Health Law Center, Problems in Hospital Law, 2d Ed. 57 (1974).

The general rule is that if an emergency is found to exist, a hospital with emergency facilities is required to render service. No completely satisfactory definition of an emergency has been formulated. In general, an emergency is an injury or acute medical condition liable to cause death, disability, or serious injury.

G. Annas, The Rights of Hospital Patients 37 (1975). If an emergency exists, a public hospital must treat the nonresident.

## SUMMARY

A one year residency requirement for admission to a county hospital is unconstitutional, although a nondurational residency requirement may be valid. Emergency patients must be treated regardless of their place of residence.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn